George F. X. McInerney, J.
Petition for judgment pursuant to CPLR article 78 directing the respondent to record the “ Declaration of Kaufman and Broad Homes of Long Island, Inc.”, and the annexed documents and to file the floor plans of the condominium pursuant to article 9-B of the Real Property Law is granted.
The condominium was approved by the Town of Islip and by the Attorney-General of the State of New York.
On submission of the papers to the County Clerk he refused to accept them on the ground that the petitioner had not complied with section 335 of the Real Property Law. This is the very narrow and novel question involved in this proceeding.
Article 9-B, known as the “ Óondominium Act”, was added by Chapter 8$ of the Laws of 1964 and there is very little material on this act and apparently nothing whatsoever pertinent to the issue before the court.
It is the opinion of the court that article 9-B is an act complete in itself and we need go no further to fill in any requi- 1 sites to make- the act work. There is no provision in the act for the filing of a map. Section 339-p of the Real Property Law provides for the necessary filing of papers of the condominium with the County Clerk. It is quite apparent that no *85 map as described in section 335 is necessary for assessment purposes. A condominium is a single real property parcel with all the unit owners having a right in common to use the “ common elements ” with separate ownership confined to the individual units which are serially designated.
In contrast, section 335 of the Real Property Law has to do with the filing of1 maps for subdivision purposes. Filed maps for subdivisions are necessary for assessment purposes; not so for condominiums.