OPINION OF THE COURT
Martin Schoenfeld, J.
The Board of Managers of the First Avenue Condominium (hereinafter referred to as the Board) moves for an order *1085 granting it summary judgment against defendants for the sum of $16,520.62, representing unpaid common charges, special monthly assessments and late fees between February 1, 1986 and December 31, 1988. Costs and attorney’s fees are additionally sought.
Defendants are the owners of unit 9A in the condominium which is located at 359 East 68th Street in New York City. The unit was purchased through the offering plan of the sponsor for the sum of $230,000 in February 1985 for investment purposes. Defendants apparently intended to rent out this one-bedroom apartment for an amount which would cover its monthly expenses. When, however, they were unable to secure a tenant willing to pay even one half of this amount or a potential buyer they blamed the Board for causing the value of their unit to become diminished.
The specific charges how levied against the Board include: misrepresentations in the offering plan regarding the number of commercial businesses operating in the building (while only 2 are permitted, for a period of time there were 3), use of the residential lobby during this period by employees of the prohibited third business (pursuant to the bylaws the lobby is reserved for the exclusive use of the residential unit owners), misrepresentations in the offering plan that all the units were to be sold (some have been retained by the sponsor and are being utilized as professional offices), poor maintenance of the lobby and common areas of the condominium and finally, a failure of the Board to notify defendants of a unit owners meeting on May 20, 1987. It is defendants’ position that these acts and/or failures justified their refusal to make the monthly payments demanded or at a minimum raise a genuine issue of fact precluding a summary judgment determination at this time. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Golfinos v 400 Coop. Corp., 110 AD2d 522 [1st Dept 1985].) For the reasons set forth below this court must disagree.
As summary judgment deprives parties of their opportunity to litigate claims before a Judge or jury it must be employed cautiously. (Andre v Pomeroy, 35 NY2d 361 [1974].) Even so, if the moving party is able to show that they are entitled to the relief requested as a matter of law, and evidence sufficient to raise a triable issue of fact is not produced by the opposing party the motion may be granted. (CPLR 3212 [b]; Spearmon v Times Sq. Stores Corp., 96 AD2d 552 [2d Dept 1983].) Further, a motion for summary judgment will not be defeated by *1086 allegations which are conclusory or unsupported. (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338 [1974].)
Here, there is no question that absent a valid defense the Board of Managers would be entitled to recover the amounts demanded. Article 9-B of the Real Property Law, known as the Condominium Act, provides in pertinent part as follows:
"§ 339-j. * * *
"Each unit owner shall comply strictly with the by-laws and with rules, regulations, resolutions and decisions adopted pursuant thereto. Failure to comply with any of the same shall be ground for an action to recover sums due, for damages * * *.
"§ 339-x. * * *
"No unit owner may exempt himself from liability for his common charges by waiver of the use or enjoyment of any of the common elements or by abandonment of his unit.”
With regard to the instant case, the bylaws, as noted by exhibit E of the moving papers, authorize the Board of Managers in its discretion:
"To determine and levy monthly assessments ('common charges’) to cover the cost of common expenses, payable in advance. The Board of Managers may increase the monthly assessments or vote a special assessment in excess of that amount, if required, to meet any additional necessary expenses, but said increases can only be assessed among the Unit Owners pro rata according to the formula provided for herein.
"To collect, use and expend the assessments collected to maintain, care for and preserve the Units, Building, and other common interests”.
Additionally the bylaws, as noted by exhibit D of the moving papers, state: "In the event of a default in the payment of monthly Common Charge assessment by any Unit Owner, the Board, at its sole option, may declare the Common Charge assessment on said Unit Owner’s Unit for the balance of the fiscal year immediately due and payable * * *. The Board may charge the delinquent Unit Owner a fee of not more than forty dollars to cover the additional burden to the Board occasioned by the lack of timely payment. Interest at the highest legal rate may also be collected by the Board on the common charge assessment from its due date to the date payment is actually received from the Unit Owner. Special assessments, should such be required, shall be levied and paid in the same manner * * *. The Unit Owner agrees to pay promptly when due the monthly and all special assessments *1087 assessed against his own unit. Any Unit Owner who fails to pay the monthly assessment imposed by the condominium to meet any common expense shall be liable for any expense incurred by the condominium in collecting said monthly assessment including interest at the highest legal rate and reasonable attorneys fees”.
The allegations asserted by defendants are not sufficient to defeat the instant motion. When defendants purchased their unit they agreed to be bound by the condominium’s declaration and bylaws. Consequently, they agreed to pay their share of the condominium’s costs through monthly common charges and special monthly assessments as determined by the Board. These obligations cannot be avoided (Real Property Law § 339-x) and for the most part are absolute. (Residential Bd. v Hixon, NYLJ, Oct. 27, 1988, at 22, col 3 [Sup Ct, NY County].) In any event, the complaints set forth do not justify withholding monthly payments for over two years. Defendants have not provided any evidence to substantiate their claim that the sponsor has been permitting unsold apartments to be utilized as professional offices or even that such use would be improper. Additionally, they have not adequately shown any misconduct by the Board. The fact that some of the misuses complained of have been abated (i.e., defendants admit that the third commercial business is no longer in operation) demonstrates to the contrary that the Board has behaved responsibly and effectively. Absent a showing of fraud, self-dealing or a violation of the bylaws the courts will not interfere with the business judgment of the Board with respect to its management or maintenance of the building. (See, Schoninger v Yardarm Beach Homeowners’ Assn., 134 AD2d 1 [2d Dept 1987].) Moreover, the complaints regarding the maintenance of the building are no more than bald conclusory allegations which carry no weight in this proceeding. (Capelin Assocs. v Globe Mfg. Corp., supra.) Likewise, defendants’ failure to receive notice of a unit owners’ meeting does not raise a triable issue of fact or constitute a defense to this action. This is especially so in view of the fact that defendants defaulted on their obligation to make monthly payments approximately 16 months before this meeting was held. Plaintiff’s motion for summary judgment awarding it $16,520.62 is accordingly granted.
Plaintiff further seeks a summary judgment order finding defendants liable for costs and attorney’s fees incurred by the Board of Managers in prosecuting this action. Defendants’ *1088 contention that such an award would constitute double recovery by the condominium because of an assessment previously imposed is without merit. The special monthly assessment which defendants are referring to was imposed on all unit owners in order to pay for legal fees and disbursements incurred in an action against the sponsor. It did not cover litigation between the Board and individual unit owners. The bylaws clearly entitle the condominium to recover these additional costs. Accordingly, this portion of the Board’s motion must also be granted.
As per the above opinion, plaintiff is entitled to recover for defendants $16,520.62 plus interest assessed incrementally from the first of each month in which the charges were due. Plaintiffs motion for costs and attorney’s fees is granted to the extent that this count shall be severed from the complaint pursuant to CPLR 603 and set down for an inquest and assessment of the attorney’s fees and expenses incurred by the condominium in connection with this matter on a date to be set by the Calendar Clerk upon entry and service of a copy of this order together with payment of the appropriate fees. Judgment shall thereafter be entered in favor of plaintiff against defendants for the amount assessed.