OPINION OF THE COURT
Margaret Taylor, J.
The issue to be determined in this case is whether, pursuant *829 to the Multiple Dwelling Law and the Housing Maintenance Code (HMC; Administrative Code of City of New York, tit 27, ch 2), the owners of individual condominium units or the board of managers (and managing agent) of a condominium building are responsible for correcting violations inside individual condominium units. For the reasons set forth below, the court finds that an owner of a condominium unit is an owner as defined by the relevant statutes and is, therefore, responsible for the maintenance, repair and correction of code violations within the unit.
Petitioner Gazdo Properties Corp. owns apartment units IE and 3F at 2900 Ocean Avenue, Brooklyn, a building owned in condominium. Respondents Mark Lava, Irwin Rothkein, Carl Brill, Marilyn Rosenblatt, Corrine Heslin, Eli Marinofsky, Francis Cole, and Sy Weiss make up the board of managers of the building. Respondent Edward L. Waldman is the building’s managing agent.[1]
Petitioner, by order to show cause dated May 2, 1990, commenced a tenant action seeking an order directing respondents to correct six violations of State and city housing codes, which were documented in an inspection report dated August 29, 1989. Two violations existed in common areas of the building, while four were alleged to be inside individual units not owned by petitioner or respondents. Petitioner also asked for civil penalties and for a finding of personal liability against each respondent.
On June 14, 1990 respondents moved to dismiss the petition on the grounds that it failed to state a cause of action, that the petitioner lacked standing to bring the proceeding and that the real parties in interest were not joined. At the court’s request, additional moving papers were submitted specifically addressing the question of whether the board of managers and the managing agent of a condominium or the unit owners are responsible for the correction of violations of the Multiple Dwelling Law and/or the HMC where the violations exist within individual units.
Condominiums are governed by the Condominium Act (Real Property Law, art 9-B, §§ 339-d — 339-ii). Pursuant to Real Property Law § 339-u, "[t]he operation of the property shall be *830 governed by by-laws”. The bylaws of the subject premises at 2900 Ocean Avenue provide, in article 5, § 5.1 (A), that maintenance and repairs of the interiors of the individual units are the responsibility of the individual unit owner: "all * * * maintenance, repairs and replacements, whether structural or non-structural, ordinary or extraordinary * * * in or to any Unit and all portions thereof * * * shall be performed by the owner of such Unit at such Unit Owner’s cost and expense”. (Bylaws of 2900 Ocean Condominium § 5.1 [A].) Similarly, the bylaws provide that "all * * * maintenance, repairs and replacements * * * in or to the Common Elements shall be performed by the Condominium Board as a Common Expense.” (Id., § 5.1 [A] [ii].)
The Condominium Act provides that a " '[u]nit owner’ means the person or persons owning a unit in fee simple absolute” (Real Property Law § 339-e [16]); that "[e]ach unit, together with its common interest, shall for all purposes constitute real property” (Real Property Law § 339-g); and that "[e]ach unit owner shall be entitled to the exclusive ownership and possession of his unit.” (Real Property Law § 339-h.)
Such provisions also reflect case law holdings that "[a] condominium is a single real property parcel with all the unit owners having a right in common to use the 'common elements’ with separate ownership confined to the individual units which are serially designated.” (Kaufman & Broad Homes v Albertson, 73 Misc 2d 84, 85 [Sup Ct, Suffolk County 1972].) The unit owner enjoys "fee simple ownership of [the] unit or apartment” (Gerber v Town of Clarkstown, 78 Misc 2d 221, 222 [Sup Ct, Rockland County 1974]).[2]
As an owner in fee simple, the condominium unit owner fits the definition of "owner” provided in both the Multiple Dwelling Law (§ 4 [44]) and the Housing Maintenance Code (Administrative Code § 27-2004 [a] [45]): "The term 'owner’ shall mean and include the owner or owners of the freehold of the premises or lesser estate therein, a mortgagee or vendee in possession, assignee of rents, receiver, executor, trustee, lessee, agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling.”
*831 Under the Multiple Dwelling Law, the owner of a premises is responsible for keeping it in good repair and for complying with the law’s provisions. (Multiple Dwelling Law §78 [1].) And under the HMC, the owner is to "keep the premises in good repair * * * [and] be responsible for compliance with the requirements of this code” (Administrative Code § 27-2005 [a], M).
The Condominium Act provides as follows in the section entitled "Effect of other laws” (Real Property Law § 339-ee [1]); "Any provision of the multiple dwelling law, the multiple residence law, or any state building construction code as to multiple residences pursuant to the provisions of article eighteen of the executive law, requiring registration by the owner or other person having control of a multiple dwelling shall de deemed satisfied in the case of a property submitted to the provisions of this article by registration of the board of managers, such registration to include the name of each unit owner and the designation of his [sic] unit; each unit owner shall be deemed the person in control of the unit owned by him [sic], and the board of managers shall be deemed the person in control of the common elements, for purposes of enforcement of any such law or code, provided, however, that all other provisions of the multiple dwelling law or multiple residence law, otherwise applicable, shall be in full force and effect.” (Emphasis added.)
Thus, although Real Property Law § 339-ee does not specifically address the effect of the Housing Maintenance Code on the unit owners and the board of managers of a condominium and only refers to the Multiple Dwelling Law, the Multiple Residence Law and State building construction codes, it is evident that when the various provisions of the Condominium Act, the bylaws of the condominium (provided for by the Condominium Act) and the Multiple Dwelling Law are construed together, the Legislature intended that the correction of all code violations within an individual condominium unit be the responsibility of the unit owner and not the board of managers and the managing agent. The board and the managing agent are not by definition owners of each unit in a condominium building.[3]
*832 It would defeat the entire purpose of the Legislature in enacting the Condominium Act carefully delineating the different responsibilities of unit owners and the board, including the correction of code violations in Real Property Law § 339-ee, if courts were required to hold unit owners, and not the board, responsible for Multiple Dwelling Law violations inside the units but deem the same or similar violations of the HMC inside the units the responsibility of the board.[4] That that could not have been the intention of the Legislature when it enacted the Condominium Act is particularly clear when one considers the virtually identical purposes of the Multiple Dwelling Law and the HMC, their definitions of "owner” and the obligations the Multiple Dwelling Law and the HMC impose on "owners”. (Multiple Dwelling Law § 4 [44]; Administrative Code § 27-2004 [a] [45].)
The court, therefore, finds that code violations inside individual condominium units must be corrected by the unit owner, including violations of the Housing Maintenance Code. The board of managers and the managing agent are not responsible for maintenance or repairs inside the individual units nor are they liable for correcting Multiple Dwelling Law *833 or HMC violations inside the units. They are responsible only for the common areas.
The petition, as it relates to violations inside the individual units, is dismissed with prejudice for failure to state a cause of action. Since the two violations relating to the common areas were repaired during the pendency of this proceeding, the petition relating to those violations is likewise dismissed with prejudice. Thus, the entire petition is dismissed with prejudice. In view of this decision, there is no need to reach the other grounds raised in the motion to dismiss.

. The proceeding against respondent Greater New York Mutual Insurance Company sued herein as Greater New York Mutual was dismissed by stipulation dated June 21, 1990. Respondent Department of Housing Preservation and Development (DHPD) has not appeared.

. This is, thus, a different type of real property ownership than a cooperative holding, where proprietary tenants or shareholders own shares in the cooperative corporation, which ownership entitles them to occupy particular defined apartments.

. As individuals some or all of them may own a unit in the building; but in such a case their responsibilities vis-á-vis such a unit would be based on their individual ownership, not on their role on the board or as a managing agent.

. See, e.g., the following parallel requirements of the Multiple Dwelling Law and the HMC:
"The owner shall keep all and every part of a multiple dwelling, the lot on which it is situated and the roofs, yards, courts, passages, areas or alleys appurtenant thereto, clean and free from vermin, dirt, filth, garbage or other thing or matter dangerous to life or health.” (Multiple Dwelling Law § 80 [1].)
"The owner of a multiple dwelling shall keep the premises in good repair.” (Administrative Code § 27-2005 [a].)
"The owner of a dwelling containing two or more dwelling units * * * shall keep the roof, yard, courts and other open spaces clean and free from dirt, filth, garbage or other offensive material.” (Administrative Code § 27-2010.)
"The owner of every multiple dwelling or part thereof shall thoroughly cleanse and keep clean at all times, and in good repair, the entire plumbing and drainage system including every water-closet, toilet and sink and every other plumbing fixture therein.” (Multiple Dwelling Law § 77 [4].)
"The owner of a dwelling shall properly maintain and keep in good repair the plumbing and drainage system, including water closets, toilets, sinks and other fixtures.” (Administrative Code § 27-2026.)
"The interior surfaces of walls throughout every part of every multiple dwelling, whether in public or in tenant-occupied parts, shall he painted * * * by the owner.” (Multiple Dwelling Law § 80 [4].)
"In occupied dwelling units in a multiple dwelling, the owner shall: * * * [pjaint * * * the walls and ceilings * * * every three years”. (Administrative Code § 27-2013 [b] [1], [2].)