OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
Respondent Parkchester North Condominium moves pursuant to CPLR 3212 for an order dismissing the instant Housing Part (HP) action upon the grounds that petitioner has failed to state a cause of action and that the Housing Court lacks subject matter jurisdiction. Motion is denied.
The sole issue before the court in this HP action is whether the respondent Parkchester North Condominium is obligated under law to correct reported violations to the condominium unit currently owned by petitioner. To this issue the court partially responds in the affirmative.
APPLICABLE LAW
Petitioner is the sole owner of a condominium unit as evidenced by a deed to said property. Housing Maintenance Code (Administrative Code of City of NY) § 27-2004 (a) (45) broadly defines the term owner and clearly reflects that the owner of the premises bears the legal responsibility of correcting violations. Respondent Department of Housing Preservation and Development (DHPD) argues that this broad definition of an owner may include a condominium association. The court finds some merit to this argument as the condominium association’s responsibility should include that portion of the premises which may be within their control, i.e., leaky roof and pipes.
Respondent DHPD argues that there is no ground on which to deny those who reside in condo units the protection of the Housing Maintenance Code which has already been applied to those who reside in cooperative units. In McMunn v Steppingstone Mgt. Corp. (131 Misc 2d 340), the court stated that it is the essential obligation of the owner of the property to remove violations from the premises. Multiple Dwelling Law § 78 (1) parallels Housing Maintenance Code (Administrative Code) § D26-10.01 (now Administrative Code § 27-2005) in holding the owner responsible for keeping the property in good repair. Here the owner of the condominium unit would be responsible for maintaining the property in good repair and removing existing violations which are within his control and consistent with the bylaws of the condominium.
*68 However, in Frisch v Bellmarc Mgt. (190 AD2d 383), the Appellate Division, First Department, held that a condominium unit owner may not withhold payment of common charges and assessments in derogation of condominium bylaws based on defective conditions in the unit or in common areas or on disagreement with actions lawfully taken by board of condominium managers; condominium manager is not "landlord” for purposes of statutory warranty of habitability for premises subject to landlord/tenant relationship. (Real Property Law §§ 235-b, 339-d — 339-ii.)
Real Property Law, article 9-B, § 339-ee (1) — Condominium Act — states that each unit owner shall be deemed the person in control of the unit owned by him or her, and the board of managers shall be deemed the person in control of the common elements for the purposes of enforcement of any such law or code provided, however, that all provisions of the Multiple Dwelling Law or Multiple Residence Law, otherwise applicable, shall be in full force and effect.
The court has subject matter jurisdiction of this dispute pursuant to CCA 110 which establishes the Housing Part of the Civil Court that should be devoted to, among other things: "Actions and Proceedings for the removal of housing violations recorded pursuant to such laws” (CCA 110 [a] [7]). Petitioner seeks to compel respondent to remove violations of record which are clearly within the subject matter jurisdiction of this court and which would normally be associated with respondent or within respondent’s control. In the case at bar, the court-ordered inspection reported four violations in the unit. All parties agree that three violations are clearly in the control of the unit owner, i.e., repair with similar material walls and ceilings in the bathroom, foyer and rear room, paint walls and ceilings, remove double cylinder lock. The subject of this litigation is which of the litigants is legally responsible to correct the fourth violation, i.e., concealed water leak in ceilings of foyer, bathroom and rear room.
In reaching its determination the court in McMunn v Steppingstone Mgt. Corp. (supra) stated that the court must work an accommodation between the interrelated contract and leasehold rights of cooperative tenants, while at the same time harmonize Administrative Code § D26-51.01 (now Administrative Code § 27-2115) and Real Property Law § 235-b.
This balancing requires the court to direct respondent Parkchester North Condominium to inspect and remove the *69 concealed water leak. A commonsense approach to the existing condition dictates that the respondent determine if the concealed water leak emanates from enclosed defective pipes or whether the cause is in any way related or connected to the unit owner directly above the petitioner. If the existing water leak is connected to the unit owner directly above petitioner, then that unit owner may be held responsible for the removal of the violation.
This holding does not conflict with the decision reached in Frisch v Bellmarc Mgt. (supra). There the Appellate Division concluded that the defense of the statutory warranty of habitability for leased premises did not apply to condominiums; condominium is a fee ownership interest rather than leasehold. In the case at bar any defective conditions within the unit must be remedied by the unit owner since they are presumed to be within petitioner’s control. However, it is uncontroverted that there is a violation of record involving penetration of water into petitioner’s apartment through common areas of this multiple dwelling which is within the sole control of the respondent and/or its delegees. It is undisputed that petitioner has no control over the common areas/elements that would enable him to correct the violations found by the housing inspector. Condominium units in multiple dwellings are by nature of their proximity to each other and common areas, and their shared services, interconnected and interrelated to such a degree that there is no reasonable way to separate each unit from the multiple dwelling as a whole.
Accordingly, based upon the foregoing discussion, the respondent Parkchester North Condominium is directed to remove the disputed violation in question within 30 days from the date hereof. Either party may move before the court for further relief.