■ ALICE KANDELL et al., Respondents, v THOMAS SAUNDERS, III, et al., Appellants, et al., Defendants. (And a Third-Party Action.) [637 NYS2d 114] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 11, 1995, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing the first through fifth, seventh and tenth cause of action of plaintiffs' amended complaint, unanimously affirmed, without costs.

The rule that "a disclosed corporate agent * * * cannot be held personally liable for the acts of his corporations, unless he has participated or personally profited in the wrong" (*Board of*

*Mgrs. v Fairways at N. Hills*, 150 AD2d 32, 39), does not warrant summary judgment in favor of defendant Charles H. Greenthal Management in the absence of any proof of disclosure of such purported status with respect to a specific principal. Even if defendants-appellants had demonstrated that they made no contractual commitment to maintain the common elements of the subject condominium building, the owners of the "residential units" have a nondelegable duty to keep the premises in good repair (Multiple Dwelling Law § 78; *Camaj v East 52nd Partners*, 215 AD2d 150). A duty to maintain the premises is also imposed by Administrative Code of the City of New York § 27-2005, and is enforceable as against the owner of a condominium unit (*see, Smith v Parkchester N. Condominium*, 163 Misc 2d 66; *Gazdo Props. Corp. v Lava*, 149 Misc 2d 828, *appeal dismissed* 150 Misc 2d 1019). The defendant condominium association appeared in this action prior to the expiration of the period of limitations as to plaintiffs' claims relevant herein. We also note the parties' ensuing stipulation did not preserve any claim by defendant condominium association that the action was commenced as against it only upon the service of the amended complaint and that there was proof on the motion that the water damage was continuing. In any event, the relevant claims asserted in the amended complaint relate back to the commencement of the action for purposes of the Statute of Limitations, where, as here, the amended pleading "merely expands" upon the original (*Pickholz v First Boston*, 202 AD2d 277; *see*, CPLR 203 [f]).

We have considered defendants-appellants' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.