OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
Parkchester South Condominium and Parkchester Management Corp., respondents, move by notice of motion pursuant to CPLR 3211 seeking dismissal of the Housing Part action upon the ground that the court lacks subject matter jurisdiction, and the petition fails to state a cause of action. Motion is denied.
Petitioner commenced the instant proceeding seeking the removal and/or correction of water leaks due to leaky and faulty drainage pipes in the kitchen which has resulted in water damage to the ceilings and walls.
Respondents’ argument for dismissal of this proceeding is predicated on the undisputed fact that petitioner is a fee owner of the condominium unit, and thus, his form of redress should be sought in a different forum. Respondents further contend and it is undisputed that since there is no landlord and tenant relationship between the parties, petitioner is precluded from seeking relief in the Housing Part. Respondents assert that the Housing Part is restricted to the resolution of disputes between a landlord and tenant and not a condominium unit owner. While there is a degree of truth in respondents’ argument that the Housing Part is indeed the proper forum to resolve disputes between a landlord and tenant, respondents fail to cite any specific law or legal precedent which prohibits or precludes petitioner from seeking redress in this forum where the petitioner’s requested relief is one of repairs for leaky pipes and not premised on a claim for breach of warranty of habitability under Real Property Law § 235-b.
DISCUSSION
In Frisch v Bellmarc Mgt. (190 AD2d 383), the Appellate Division determined that the statutory warranty of habitability, Real Property Law § 235-b, does not apply between a condominium unit owner and a board of managers since condominium unit ownership is a form of fee ownership of property and not a household interest involving a landlord/tenant relationship. An individual unit owner, such as the petitioner *94 herein, cannot withhold payment of common charges and assessments in derogation of the by-laws of the condominium based on defective conditions in his unit or in the common areas (see, Board of Mgrs. v Shandel, 143 Misc 2d 1084; Real Property Law §§ 339-j, 339-x). It should be noted in the Frisch case that prior to the unit owner’s commencement of legal proceedings, based upon complaints from the plaintiff Frisch and other unit owners for leakage problems, the Board of Managers retained engineers in order to locate the source of the leaks and then had substantial work done to remedy the problems. It is also noted that the by-laws of the condominium provided that maintenance of and repairs to any unit, and any common elements exclusive to the unit, whether structural or nonstructural, shall be made by the owner of the unit. It would appear upon a close reading of the facts of that case that the Board of Managers or the Condominium Association acknowledged their responsibility by correcting the serious water leaks penetrating the unit owner’s apartment. Clearly, an inference can be drawn from the factual situation that the Board or Association maintained control over the common areas. A further inference from the Frisch case was the unsupported obligation of the unit owner to engage a licensed plumber to repair leaky pipes which was shown to be the sole responsibility of the Board or Association.
Petitioner herein seeks to remedy a defective water leakage condition in his apartment by the responsible party and assure compliance with the Housing Maintenance Code (Administrative Code of City of NY § 27-2001 et seq.). Contrary to respondent’s assertion, this court has subject matter jurisdiction of this dispute pursuant to CCA 110 (a) (7). This section established the Housing Part of the Civil Court to address the enforcement of housing standards: "Actions and proceedings for the removal of housing violations recorded pursuant to such laws”. (CCA 110 [a] [7].) This section provides the court with broad power and discretion to recommend or employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards (see, CCA 110 [c]).
Frisch v Bellmarc Mgt. (supra) is distinguished from the instant proceeding on two important issues. First, in Frisch, petitioner did not occupy the condominium unit. Second, Mr. Frisch sought to exercise rights under Real Property Law § 235-b, warranty of habitability, rather than seeking to enforce the Housing Maintenance Code. In the present proceeding, petitioner Pershad occupies the condominium unit as a dwell *95 ing and seeks removal of a specific violation of record pursuant to Housing Maintenance Code § 27-2115 (h). The definition of an owner under Housing Maintenance Code § 27-2004 (a) (45) includes any other person, firm or corporation, directly or indirectly in control of the building. Although this definition is extremely broad, there is a strong indication that it includes the association, and its managing agent. A contrary interpretation is clearly unrealistic. What party or agent would be responsible for maintaining the pipes and other areas of common elements other than the association?
An owner’s duty to maintain the premises in good repair under Multiple Dwelling Law § 78 is nondelegable (Camaj v East 52nd Partners, 215 AD2d 150). Respondent’s duty, as owner, to maintain the premises in good repair under Housing Maintenance Code § 27-2005 (a) and Multiple Dwelling Law § 78 is nondelegable (Kandell v Saunders, 224 AD2d 185). Respondents have not advanced any basis for denying residents of condominium units the protection of the Housing Maintenance Code, which has already been held to apply to residents of cooperative units (McMunn v Steppingstone Mgt. Corp., 131 Misc 2d 340).
The violation in question concerns a concealed water leak penetrating petitioner’s kitchen ceilings and walls. The cause or origin of the leak is undetermined. Article 9-B of the Real Property Law, also known as the Condominium Act, states "each unit owner shall be deemed the person in control of the unit owned by him or her, and the board of managers shall be deemed the person in control of the common elements, for purposes of enforcement of any such law or code, provided, however, that all other provisions of the multiple dwelling law or multiple residence law, otherwise applicable, shall be in full force and effect” (Real Property Law § 339-ee [1] [emphasis supplied]).
Granting a dismissal of this proceeding serves no purpose at all. Where hot water pipes directly connected to an apartment burst and cause severe water and property damage to a condominium unit owner or a cooperative tenant, surely it is inconceivable and illogical to argue that the unit owner would be responsible for correcting the problem which is solely with the maintenance and control of the building association. If petitioner’s apartment was located directly below a building’s swimming pool under the same set of facts presented herein with the same resulting water damage in petitioner’s unit, would it serve any purpose to advise the condominium unit *96 owner that the responsibility for remedying such situation should be placed at his door?
Requiring or advising the unit owner to commence a different action in another forum to redress a housing code violation ignores the reality, purpose and function of the Housing Court, to wit: protection and enforcement of State and local laws for the establishment and maintenance of housing standards, including, but not limited to, the Multiple Dwelling Law and the Housing Maintenance Code, Building Code, and Health Code of the City of New York (CCA 110 [a]).
Finally, the mere thought that any unit owner in similar circumstances would be forced or required to expend exorbitant monies to rectify a relatively simple problem, through commencement of a costly proceeding in another forum when such a condition can easily be resolved by the entry of a consent order to correct, is needless and counterproductive.
CONCLUSION
A commonsense approach to the existing conditions dictates that the respondent determine if the concealed water leak radiates from enclosed defective pipes within its control, or whether the cause is in any way related or connected to the unit owner directly above the petitioner. If it is determined that the concealed water stems from defective pipes, then respondent shall take the necessary steps to rectify the existing condition and offer proof of compliance pursuant to the Housing Maintenance Code.
Accordingly, based upon the foregoing discussion respondent Parkchester South Condominium is directed to remove the disputed violation in question within 30 days from the date of entry of this order. Either party may move for further relief before the court on five days’ notice.