■ OLEG OSTROVSKY et al., Appellants, v CARTIER APARTMENTS OWNERS CORP., Respondent. [669 NYS2d 352] —In an action to permanently enjoin the defendant, in effect, from selling, transferring, or converting the shares appurtenant to a cooperative apartment owned by the plaintiffs, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Alpert, J.), entered October 8, 1996, which denied their motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

Under the terms of the loan agreement executed by the plaintiffs and the defendant at the time the plaintiffs purchased their cooperative apartment, the plaintiffs were not required to repay their loan until they had received notice from the defendant that 50% or more of the apartments in the cooperative building were owned by "tenant-shareholders". While admitting that they received notice that 76% of the apartments were owned by shareholders, the plaintiffs argue that fewer than 50% of the shareholders who owned apartments actually occupied the apartments. They contend that the out-of-residence shareholders were not "tenant-shareholders", and, therefore, repayment of the plaintiffs' loan obligation had not been triggered.

Contrary to the plaintiffs' contention, a tenant-shareholder is commonly defined as a person having a cooperative interest in real estate, typically owning stock in a cooperative corporation and having a proprietary leasehold granted by the corporation (*see, All Seasons Resorts v Abrams,* 68 NY2d 81, 90; *see also, Frisch v Bellmarc Mgt.,* 190 AD2d 383, 387). The cooperative corporation is the sole owner of the land, structures and facilities, while the individual shareholder through the proprietary lease receives the right to occupy the space in the premises to which his or her shares are allocated (*see, Frisch v Bellmarc Mgt., supra,* at 387).

In the present case, the proprietary leases issued by the defendant to each tenant-shareholder permitted subleasing. Thus, the percentage of tenant-shareholders who actually resided in the apartments they owned was irrelevant to the plaintiffs' obligation to repay their loan. The defendant satis-

fied the condition precedent to the plaintiffs' repayment of their loan obligation by notifying the plaintiffs that 76% of the apartments had been purchased. Under the circumstances, the court did not improvidently exercise its discretion in denying the plaintiffs' request for a preliminary injunction to prevent the defendant from selling the shares appurtenant to plaintiffs' apartment upon their default in paying the loan obligation (CPLR 6301, 6311; *see, Doe v Axelrod,* 73 NY2d 748).

The plaintiffs' remaining contention is without merit. Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.