Hyman v Able & Ready Appliance Repair Corp. (2021 NY Slip Op 02247)





Hyman v Able & Ready Appliance Repair Corp.


2021 NY Slip Op 02247


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 29889/18E Appeal No. 13577-13577A Case No. 2019-5752 

[*1]Julie Hyman, Plaintiff-Respondent-Appellant,
v
Able & Ready Appliance Repair Corp., et al., Defendants-Respondents, The Solaria Condominium Care of Halstead Management Company, et al., Defendants-Appellants-Respondents.


Gartner + Bloom P.C., New York (Kaela A. Mahon of counsel), for appellants-respondents.
Julie Hyman, P.C., Bronx (Julie Hyman of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered July 1, 2019, which granted in part and denied in part plaintiff's motion for interim relief, unanimously modified, on the law, to delete that portion of the order directing defendants-appellants to pay plaintiff $1,192.18 for damage to her refrigerator, with leave to amend the pleadings to reflect such additional facts and damages, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about November 4, 2020, which, to the extent appealed from, as limited by the briefs, denied plaintiff's motion to renew the denial of her request to withhold common charges, unanimously affirmed, without costs.
The fact that plaintiff did not specifically seek, in her moving papers, damages relating to the repair of her refrigerator did not preclude the award of such damages because "[t]he presence of a general relief clause enables the court to grant relief that is not too dramatically unlike that which is actually sought, as long as the relief is supported by proof in the papers and the court is satisfied that no party is prejudiced" (Tirado v Miller, 75 AD3d 153, 158 [2d Dept 2010]). Here, however the motion court should not have directed defendants to pay $1,192.18 to plaintiff for the alleged damage to her refrigerator because the record lacked any evidence as to causation or the cost to repair. Accordingly, the motion court's July 1, 2019 order is modified as indicated herein.
Plaintiff's contention that she should be entitled to withhold the payment of common charges during the pendency of the action based on a purported violation of the warranty of habitability, is unpersuasive. The statutory warranty of habitability prescribed by Real Property Law § 235-b does not extend to condominium unit owners (Frisch v Bellmarc Mgt., 190 AD2d 383 [1st Dept 1993]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021