CLAYTON VAN PATTEN et al., Appellants, *v.* HUGH R. BUYCE et al., Respondents.

Third Department, December 1, 1971.

*Robert H. Ecker* for appellants.

*Maynard, O'Connor & Smith (John A. Murray* and *Stephen R. Spring* of counsel), for respondents.

COOKE, J. This is an appeal (1) from a judgment of the Supreme Court in favor of defendants, entered November 23, 1970 in Schoharie County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered January 11, 1971, which denied plaintiffs' motion to set aside the verdict.

At about 1:00 A.M. on October 25, 1968, plaintiffs' small frame house, located 12 feet from the pavement of Route 20 in the Town of Sharon, Schoharie County, was struck by a truck operated by defendant Buyce, damaging the dwelling and certain of its contents. Plaintiff Alice Van Patten was asleep on contact but proof was submitted that she suffered a mental trauma, permanent in nature, manifested by various symptoms. While there was a medical proof that the accident was a direct cause of her "chronic anxiety reaction", defendants' psychiatrist found no causal relation between the complaints and the accident and was of the opinion they could have been caused by other factors such as menopause and a gall bladder operation.

The court charged that "a person may recover money damages for mental suffering not accompanied by a physical injury or impact caused by a wrongful act of another which was the proximate cause thereof, with the additional requirement that the person seeking to recover has been directly involved in the accident" but that "a person who is caused mental suffering by witnessing physical injury to another is not permitted recovery in negligence actions". It was explained that defendants contended that "the accident had actually occurred and had ended prior to the alleged shock to Mrs. Van Patten * * * based on testimony that she was in fact asleep when the collision occurred and that it was not until she went downstairs and saw certain personal property strewn around the floor that she suffered shock" but that plaintiffs contended that "the collision actually jarred the entire house * * * and that the damage to plaintiff, Alice Van Patten, began at that moment". Plaintiffs' counsel made a statement that they were satisfied with the charge and had no exceptions nor requests. Then, in response to a request by defendants, the court charged that, if the jury found that plaintiff sustained no fright or shock at the time of the impact, there could be no recovery for subsequent mental anxiety and the verdict should be one of no cause of action.

In arguing that the collision jarred the entire small house including the portion in which she slept, plaintiffs claim for Mrs.

Van Patten a role far different than that of a mere bystander or eyewitness, for then she would be directly involved in the accident (cf. *Tobin* v. *Grossman,* 24 N Y 2d 609) but, if she cannot recover for unintended mental injuries resulting from injuries inflicted directly upon another, be it a close relative or not, in her view and presence (cf. *Tobin* v. *Grossman, supra*), she should not be compensated for emotional and mental distress induced by the mere sight of damages to her property (cf. *Di Michele* v. *Filacchione,* 60 Misc 2d 619, 622).

In the light of defendants' argument that Mrs. Van Patten suffered her shock when she went downstairs after the collision and viewed her possessions, as well as her testimony of going into the dining room on the first floor, of seeing the china which was her pride and joy pushed from one end to the other, of her wedding gifts and crystal which was just a "mess" and that after seeing what had happened she was shaken and just trembled all over, reversible error was not committed in charging as requested. The practical effect of this instruction was to eliminate from the jury's consideration the mental distress arising from the damages to her prized belongings.

The verdict was supported by adequate proof.

The judgment and order should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment and order affirmed, without costs.