**Inge DUJACK, Plaintiff,**

v.

**BEAR, STEARNS & CO., Neuberger & Berman and Sidney Klein, Defendants.**

**77 Civ. 960.**

United States District Court, S. D. New York.

May 2, 1979.

Joseph M. Weitzman, New York City, for plaintiff.

M. David Hyman, New York City, for defendants Bear, Stearns & Co. and Sidney Klein.

Levitt, Greenberg & Kaufman, by Charles Levitt, New York City, for defendant Neuberger & Berman.

MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiff, long under psychiatric treatment, was referred by her psychotherapist to his stockbroker, Sidney Klein, to handle her portfolio. The referral was apparently

---

coupled with the warning that she was relying heavily on these assets for support and would react badly to losses. Plaintiff now seeks money damages from the two brokerage firms for which Klein worked while handling her account as a registered representative. The complaint alleges that her account was "churned" or mishandled and that wholly unsuitable, speculative securities were purchased for her by defendants, occasioning losses. Plaintiff pleads causes of action under § 10(b) of the Securities Exchange Act of 1934, as well as pendent common law claims for fraud, negligence and breach of fiduciary duty.

In addition to damages for monetary losses, plaintiff seeks to recover, on the basis of her common law causes of action, the cost of certain psychotherapeutic treatment incurred as a result of the "severe and protracted emotional distress" suffered "[u]pon learning of the losses" in her accounts. Complaint, Count V. This allegation of damage for emotional distress has prompted two motions from defendant. Defendant Neuberger & Berman moves to dismiss Count V. Defendants Bear, Stearns & Co. and Sidney Klein move to add, as a third-party defendant, plaintiff's psychotherapist who first referred her to them and who, they claim, is at least partly responsible for her emotional distress.

New York law, applicable here, does not permit recovery for emotional distress suffered on mere learning of damages or monetary loss due to another's negligence. See *Van Patten v. Buyce*, 37 A.D.2d 448, 326 N.Y.S.2d 197 (3d Dept. 1971), and *Stahli v. McGlynn*, 47 A.D.2d 438, 366 N.Y.S.2d 209 (2d Dept. 1975). This principle applies, I conclude, even where defendants are on notice that she may have an extreme reaction to losing money.

Count V of the complaint is, accordingly, dismissed for failure to state a claim. Given this, the Bear, Stearns' motion to add the psychotherapist as a third-party defendant is denied as moot.

So Ordered.