OPINION OF THE COURT
Jacqueline W. Silbermann, J.
These three residential nonpayment cases were consolidated for purposes of trial. The court finds the premises are a cooperative apartment building and the tenants occupy the apartments under a proprietary lease agreement. The apartments are subject to neither rent control nor rent stabilization. The respondents are proprietary leaseholders of apartments numbered 2KS and 5HS. They sublease these apartments and do not occupy them themselves. The subtenants have not been served and are not parties to this litigation. Respondent, Rina Gerevitz, does occupy apartment 2LS (as well as being the proprietary leaseholder of the apartment).
Demand for the rent was made by service of a three-day notice in each case. The maintenance for apartments 2LS and 2KS and 5HS is due and owing from May 1984 through March 31,1985, and the petitions were so amended at trial. The monthly maintenance for apartment 5HS is $502.14 per month with the excep *75 tian of May 1984 when it was $456.49. The total maintenance charge which is due and owing for apartment 5HS is $5,477.89.
The monthly maintenance for apartment 2LS is $380.93 per month with the exception of May 1984 when it was $246.30. The total maintenance charge which is due and owing for apartment 2LS is $4,144.60.
The monthly maintenance for apartment 2KS is $300.12 per month with the exception of May 1984 when it was $272.84. The total maintenance charge which is due and owing for apartment 2KS is $3,274.04.
No late charges were proven during the trial.
The respondents in each of these cases counterclaim under Real Property Law § 235-b, the warranty of habitability. They admit that they do not occupy apartments 2KS and 5HS. Mr. Dimoplon stated at trial that he does not live in the building while Ms. Gerevitz stated that she resides in apartment 2LS and sublets apartment 2KS. Does the warranty of habitability (Real Property Law § 235-b) apply to Mr. Dimoplon and Ms. Gerevitz in the apartments neither of them occupy?
Real Property Law § 235-b states in pertinent part:
“§ 235-b. Warranty of habitability
“1. In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety. When any such condition has been caused by the misconduct of the tenant or lessee or persons under his direction or control, it shall not constitute a breach of such covenants and warranties.
“2. Any agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in this section shall be void as contrary to public policy.
“3. In determining the amount of damages sustained by a tenant as a result of a breach of the warranty” (emphasis supplied).
The statute uses the words occupant, lessee and tenant in referring to the class of persons protected by the statute. An occupant is defined as “[o]ne who has actual use, possession or control of a thing” (Black’s Law Dictionary, at 973 [5th ed 1979], *76 citing Redevelopment Auth. v Stepanik, 25 Pa Commw 180, 360 A2d 300, 302). A tenant is defined as “one who has the temporary use and occupation of real property owned by another person (called the ‘landlord’), the duration and terms of his tenancy being usually fixed by an instrument called a ‘lease’ ” (Black’s Law Dictionary 1314 [5th ed 1979]).
A lessee is defined as “He to whom a lease is made” (Black’s Law Dictionary 812 [5th ed 1979]). The terms tenant and lessee have a more general meaning than occupant. An occupant is one who is in actual possession where the “tenant” or “lessee” need not be. In the present case respondents are tenants and lessees but not occupants. Respondents argue that the intent of the Legislature was that if there is an occupant the tenant or lessee is entitled to an abatement.
In determining the Legislature’s intent this court takes judicial notice of McKinney’s Consolidated Laws of NY, Book 1, Statutes § 238.
Section 238 states: “Whenever there is a general and a particular provision in the same statute, the general does not [override] the particular but applies only where the particular enactment is inapplicable.”
In the present case the word occupant is not inapplicable. Hence, the words tenant or lessee are limited by the term occupant. The respondents not being occupants they are not covered by the warranty of habitability under the particular facts of this case. (This court makes no decision regarding the situation where an occupant is a party but is not the tenant or lessee.)
This ruling, while based on a rule of construction, is consonant with common sense and equity. The occupants of apartments 2KS and 5HS have not appeared or made any claim under the warranty of habitability. Respondents have admitted that the occupants have continued to pay their rent in full each month as it becomes due.
Under these circumstances, it would constitute a windfall for respondents to collect their rent in full and at the same time receive an abatement of the maintenance they pay. Equity prohibits this court from reaching such a decision. Respondents not having suffered any damage the Legislature would not have intended that they be awarded compensation.
The respondents not being occupants of apartments 2KS and 5HS and the warranty of habitability extending, according to *77 the terms of Real Property Law § 235-b, to “occupants of such premises” the counterclaims involving those apartments are dismissed.