■ MARY J. ATHERTON, Appellant, v 21 EAST 92ND STREET CORPORATION et al., Respondents.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered September 1, 1988, which denied plaintiff's motion to amend her third cause of action to add a claim for emotional distress, granted defendants' cross motion to dismiss plaintiff's cause of action for emotional distress, granted plaintiff's motion to add a claim of continuing damages and increase the ad damnum, denied her motion to consolidate a Civil Court action with the Supreme Court action and dismissed her claim for breach of the implied warranty of habitability, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting leave to amend the third cause of action and denying the cross motion to dismiss the cause of action for emotional distress, granting the motion to consolidate and reinstating the claim for breach of the implied warranty of habitability, and otherwise affirmed, without costs.

Plaintiff is the tenant of apartment 3, located at 21 East 92nd Street, New York, New York, which premises at all times relevant herein were owned by defendant 21 East 92nd Street Corporation and managed by defendant Gilbert Yesnowitz Rem. Ltd. This action was commenced in Supreme Court, New York County, in April 1986, seeking damages for breach of the implied warranty of habitability, destruction of personal property and emotional distress. As expanded by plaintiff's bill of particulars, the complaint alleges that, on or about January 25, 1985, the pipes in the apartment above plaintiff's froze and burst, flooding plaintiff's apartment and causing the collapse of the living room ceiling; that, in the ensuing months, leaks above the kitchen and living room caused further collapse of the ceilings in those rooms and damage to the plaster walls; that, also in January 1985, the heating system malfunctioned causing a layer of oily soot to be emitted from the warm air registers and deposited throughout the apartment, and that the premises were without heat for several days at a time during that winter. The amended

complaint states that, between January 13, 1985 and September 1, 1987, there were numerous occasions on which lethal levels of carbon monoxide were emitted into the apartment, causing unspecified physical injury together with mental distress to plaintiff and her newborn child. The amended complaint seeks damages in the amount of $1,000,000 on each of the three causes of action.

The IAS court denied plaintiff's motion to remove and consolidate with the Supreme Court action one commenced in the Civil Court of the City of New York, seeking judgment for rent arrears from January 1985 through and including August 1987 in the amount of $18,258.27. The IAS court construed the Civil Court action as a summary proceeding for the recovery of possession of real property (RPAPL art 7; CCA 204) and denied consolidation on the grounds set forth in this court's opinion in *Cohen v Goldfein* (100 AD2d 795), which prohibited removal and consolidation of a summary proceeding where the Civil Court had the power to determine the issues in dispute.

While the rationale employed by the IAS court is entirely valid, its premise is not. The absence in the complaint of any demand for possession, which is essential to the maintenance of a summary proceeding (RPAPL 701; *Cotignola v Lieber,* 34 AD2d 700), renders the Civil Court suit merely a plenary action for the recovery of money (CCA 202). Plaintiff's claim for breach of the implied warranty of habitability may be interposed as a defense to the Civil Court action for rent and has been raised affirmatively in the Supreme Court action (Real Property Law § 235-b; *Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329). It is therefore clear that the suits involve a common question of law or fact (CPLR 602 [a]) and removal of the Civil Court action to the Supreme Court and consolidation with the action pending therein is appropriate (CPLR 602 [b]). Unlike the circumstances of *Cohen v Goldfein (supra),* it cannot be said that this case presents a situation in which the commencement of the Supreme Court action was unnecessary because the amount of damages sought far exceeds the monetary jurisdiction of the Civil Court (CCA 202). Therefore, while the removal of an action from the Civil Court rests in the sound discretion of the IAS court in the interest of the proper administration of justice *(Morrissey v Morrissey,* 122 AD2d 840), we believe these actions should be consolidated in the Supreme Court in the interest of judicial economy. It follows that plaintiff's cause of action for breach of the implied

warranty of habitability should be reinstated to permit litigation of all issues in controversy in a single action.

Plaintiff's motion to amend her complaint to state a cause of action for mental anguish was denied by the IAS court on the ground that recovery for emotional distress may not be predicated upon the observation of damage to one's personal property (citing *Van Patten v Buyce,* 37 AD2d 448, *lv denied* 30 NY2d 481; *Stahli v McGlynn,* 47 AD2d 238). The original complaint states, "Solely as a result of the carelessness and negligence of the defendants, the water seepage and consequent collapse of the ceilings and deterioration of the walls and ceilings in plaintiff's apartment caused her substantial mental anguish, severe emotional distress, damage to her furnishings and personal property and caused her to obtain other living quarters for several months, all of which was caused solely by the negligence and carelessness of the defendants and in no part by the conduct of the plaintiff." It is not entirely clear from the language employed that the mental anguish alleged to have been sustained by plaintiff resulted from her fear of the dangerous conditions present in the apartment rather than from her observation of the damage caused to the premises and her personal property. The pleadings, however, give sufficient notice of the hazardous state of the premises to adequately apprise defendants of the transactions and occurrences upon which the amendment to the complaint is based (CPLR 3013). Defendants are not prejudiced by amendment of the complaint to state an additional legal theory upon which recovery is sought (CPLR 3025 [b]; *De Forte v Allstate Ins. Co.,* 66 AD2d 1028; *Cerrato v Crown Co.,* 58 AD2d 721), and leave to amend is appropriate unless the amended pleading is clearly without merit *(Texaco, Inc. v Gerber,* 128 AD2d 864). It is now settled that breach of a duty owed by a defendant to a plaintiff "resulting directly in emotional harm is compensable even though no physical injury occurred" *(Kennedy v McKesson Co.,* 58 NY2d 500, 504). Therefore, taking the allegations of the complaint as true *(Kober v Kober,* 16 NY2d 191, 193), plaintiff has stated a ground for recovery based upon her fear of physical injury as a direct result of defendants' tortious conduct *(Battalla v State of New York,* 10 NY2d 237; *see also, Bovsun v Sanperi,* 61 NY2d 219). Concur—Murphy, P. J., Ross, Kassal, Ellerin and Rubin, JJ.