■ 40 EASTCO, Respondent, v WALTER FISCHMAN et al., Defendants, and KILA R. KUGEL, Appellant.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered May 26, 1988, which dismissed defendant's counterclaim for breach of warranty of habitability, and judgment of the same court entered June 21, 1988, which dismissed defendant's remaining counterclaims, unanimously affirmed, without costs.

Real Property Law § 235-b does not permit a tenant to recover damage to his personal property resulting from a breach of the warranty. (See, Curry v New York City Hous. Auth., 77 AD2d 534.) Further, while the trial court may have applied an overly technical interpretation to counsel's remarks, nevertheless, no error occurred because based upon counsel's remarks and the prior proceedings, it is clear that defendant was left with no viable counterclaim. There was no unlawful eviction or detainer, nor did plaintiff commit a prima facie tort, because defendant was put out of the premises by a fire which rendered the premises uninhabitable. Any proof that the fire was intentionally set by the plaintiff was properly precluded based upon a prior order, the validity of which is not directly challenged on appeal. Concur—Murphy, P. J., Milonas, Wallach and Rubin, JJ.