■ THEODORE HALKEDIS et al., Appellants, v TWO EAST END AVENUE APARTMENT CORPORATION, Respondent.—Judgment, Supreme Court, New York County (Wilmer J. Patlow, J.), entered July 6, 1989, which dismissed plaintiffs' complaint for failure to establish a prima facie case, unanimously affirmed, without costs or disbursements. The appeal from the order of the same court, entered June 13, 1989, is dismissed as superseded, without costs or disbursements.

Plaintiffs purchased a cooperative apartment in 1979 for $239,951. They never resided in the apartment, nor did they furnish, decorate or attempt repairs to the unit, until the unit was under contract to be sold to a third party for $985,000. The contract of sale required plaintiffs to construct a solarium and to effect certain repairs. Plaintiffs allegedly replaced flooring and windows, and made other repairs, at a cost of approximately $55,000.

Plaintiffs commenced this action against the apartment corporation for fraud, breach of the warranty of habitability, breach of the Multiple Dwelling Law and breach of the proprietary lease. Plaintiffs claimed, essentially, that there were numerous defects in the apartment, various leaks which damaged the floors and walls, and discrepancies between the actual construction and the representations in the offering plan. Following the testimony of plaintiff Theodore Halkedis and his expert engineer, the court dismissed the complaint for failure to establish a prima facie case.

The complaint was properly dismissed since, viewing the evidence presented in the light most favorable to the plaintiffs, by no rational process could a jury find in their favor (Candelier v City of New York, 129 AD2d 145). The claim of fraud is without merit, both because any misrepresentations were made by the sponsor, not the defendant, and also because plaintiffs reaped a substantial profit and cannot now be heard to complain that they were defrauded (60 NY Jur 2d, Fraud and Deceit, § 167).

Assuming, arguendo, that the statutory implied warranty of habitability applies here (Real Property Law § 235-b), plaintiffs cannot avail themselves of its protection not only because they never made a bona fide attempt to live on the premises, but also because that section does not permit a tenant to recover property damages (see, 40 Eastco v Fischman, 155 AD2d 231).

Whether stated as a breach of the proprietary lease or pursuant to section 78 of the Multiple Dwelling Law, under the circumstances herein, plaintiffs could have recovered damages to the cooperative unit which were proximately caused by the defendant apartment corporation's failure to maintain or repair the common elements. While there was evidence that leaking water damaged the unit, plaintiffs entirely failed to establish the extent of the damage or the reasonable cost of repair. In this regard, proof that sums were expended to replace cabinets, windows and flooring was not specific as to the amount claimed for each item, nor did plaintiffs establish

that the work done was reasonably necessary to repair the premises, as opposed to enhancing the unit with better and more expensive materials in connection with its forthcoming sale. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.