■ JAMES C. COURI et al., Appellants, v WESTCHESTER COUNTRY CLUB, INC., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for fraudulent inducement and breach of an implied warranty of habitability, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered March 23, 1990, as granted the respondents' cross motion to dismiss the complaint with prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Westchester Country Club, Inc., located in Rye, New York, has provided its members with golf, tennis, and beach facilities for over 60 years. The club additionally provides residential suites, which are leased to members either for short-term transient use, or for longer rental periods of up to one year. In 1984, the plaintiff James Couri, a member of the club, leased a suite in the clubhouse for use as his residence. However, after Couri and his family moved into the clubhouse apartment and decorated it, the apartment allegedly sustained "constant water damage". Two years later, after the club allegedly failed to repair their original apartment, Couri and his family moved into a second apartment in the clubhouse. According to the plaintiffs, however, after they moved into the second apartment, the club began to perform sprinkler work which they claimed interfered with their quiet enjoyment of their residence. Although the Couri family allegedly intended to move out of the club in late 1987, they claim that they decided to stay when the club agreed to renovate and enlarge a third apartment for their use. The plaintiffs further assert that this third apartment, in which they presently reside, has similarly suffered from severe water leaks, causing extensive damage to their personal property.

Thereafter, on February 23, 1989, the parties entered into an agreement to settle "all issues" arising from Couri's "tenancies at Westchester Country Club". Pursuant to the agreement, the club consented to immediately credit Couri's house

account in the sum of $16,315, which represented, in part, a three-and-one-half month rent abatement for the Couri family's third apartment. The agreement additionally required the club to waterproof an exterior wall adjoining Couri's apartment "by no later than May 31, 1989 at our expense", and provided that "[u]ntil this waterproofing is complete and appropriate steps have been taken to discover and correct any problems which might cause water leakage into your apartment * * * the Club will indemnify you against any loss which you may suffer (including the loss of use of your apartment and damage to your personal property) arising as a result of water leakage through the exterior walls of the clubhouse". Moreover, the settlement agreement incorporated, by reference, a February 2, 1989, letter prepared by the club's general manager, which indicated that the club was in the process of finalizing plans for a comprehensive renovation of the exterior portions of the clubhouse. The general manager's letter concluded by assuring Couri that "we will make every effort to organize the work so that the surface areas surrounding your apartment may be addressed at the commencement of the project this year".

Alleging that their apartment was continuing to suffer from severe leaks, and that the club had failed to commence a comprehensive renovation of the clubhouse exterior, in June 1989, James Couri, his wife Marlene, and their daughter Alexandra commenced the instant action, *inter alia,* to recover damages for breach of an implied warranty of habitability and quiet enjoyment with respect to their previous occupancy of their first two apartments, breach of the implied warranty of habitability with respect to their current apartment, loss of investment, and extreme emotional disturbance. The plaintiffs' complaint further alleged that the defendant club and its representatives had fraudulently induced them to enter into the lease for their present apartment as well as the settlement agreement, and sought an injunction directing them to cease breaching the warranty of habitability and to carry out a complete rehabilitation of the clubhouse. The plaintiffs subsequently moved for a preliminary injunction enjoining the respondents from breach of the warranty of habitability for their apartment, and the respondents cross-moved to dismiss the complaint. The Supreme Court granted the respondents' cross motion and dismissed the complaint with prejudice, finding, *inter alia,* that the settlement agreement represented an accord and satisfaction of all claims arising from the alleged breach of the warranty of habitability

and quiet enjoyment, and that the plaintiffs had failed to state a cause of action to recover damages for fraudulent inducement with respect to the settlement agreement. We now affirm.

Although it is essentially undisputed that the respondents credited the plaintiffs' account in the sum of $16,315 and waterproofed the exterior wall of their apartment in accordance with the settlement agreement, on appeal the plaintiffs continue to maintain that they were fraudulently induced to enter into the settlement agreement because the February 2, 1989, letter incorporated into the agreement indicated that the respondents intended to commence a comprehensive renovation program in 1989. However, absent a present intention to deceive, a statement of future intentions, promises, or expectations does not give rise to a cause of action sounding in fraud (see, Boylan v Morrow Co., 63 NY2d 616, 619; Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778; Lane v McCallion, 166 AD2d 688, 690; Strupp v Heritage Mut. Ins. Co., 143 AD2d 433, 434). Here, although the plaintiffs allege that the respondents wrongfully induced them to enter into the settlement agreement by representing that they would make "every effort" to commence a project to renovate the exterior of the clubhouse in 1989, the plaintiffs' complaint failed to allege that the respondents entered into the agreement with "a present intent not to carry out the promises of future action" (Lanzi v Brooks, supra, at 779). Moreover, neither the complaint nor the affidavits submitted in opposition to the motion to dismiss contain any factual assertions from which such a conclusion can be drawn (see, Lanzi v Brooks, supra). Furthermore, the vague and conclusory allegations of misrepresentation and reliance set forth in the plaintiffs' complaint and affidavits are insufficient to satisfy CPLR 3016 (b), which requires, in an action sounding in fraud, that "the circumstances constituting the wrong shall be stated in detail". Under these circumstances, the Supreme Court did not err in dismissing the plaintiffs' cause of action to recover damages for fraudulent inducement.

In light of the dismissal of the fraudulent inducement claim, we further find that the plaintiffs' acceptance of performance under the settlement agreement, which covered "all issues" arising from Couri's tenancies, operates as an accord and satisfaction (see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590; Ber v Johnson, 163 AD2d 817). The plaintiffs' cause of action to recover for damages stemming from any breach of the warranty of habitability or quiet enjoyment

which occurred prior to the execution of the settlement agreement were therefore properly dismissed.

Further, those portions of the plaintiffs' first, second, and third causes of action which sought damages for loss of investment and extreme emotional disturbance resulting from the alleged breach of the warranty of habitability or quiet enjoyment were properly dismissed. In this regard, we note that recovery for emotional distress may not be predicated upon the observation of damage to one's personal property (see, Atherton v 21 E. 92nd St. Corp., 149 AD2d 354, 356; Stahli v McGlynn, 47 AD2d 238; Van Patten v Buyce, 37 AD2d 448), and there is no indication that the mental anguish allegedly suffered by the plaintiffs resulted from their fear of dangerous conditions in the apartment rather than from their observation of damage caused to the premises and their personal property (cf., Atherton v 21 E. 92nd St. Corp., supra). Moreover, Real Property Law § 235-b does not permit a tenant to recover damage to personal property resulting from a breach of the warranty of habitability (see, Halkedis v Two E. End Ave. Apt. Corp., 161 AD2d 281, 282; 40 Eastco v Fischman, 155 AD2d 231). Consequently, the plaintiffs' claim for loss of investment, which is predicated upon water damage to their personal property, was correctly dismissed.

We have considered the plaintiffs' remaining contentions, and find that they are without merit. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.