■ JAN REYNOLDS, Respondent, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 498 WEST END AVENUE REALTY Co., Appellant. [604 NYS2d 567] —Order, Supreme Court, New York County (Stephen Crane, J.), entered June 29, 1993, which, inter alia, granted plaintiff tenant a preliminary injunction restraining defendant landlord from pursuing evic-

tion proceedings, consolidated the action with a related Civil Court proceeding, stayed the trial of the consolidated action pending a determination by defendant Division of Housing and Community Renewal (DHCR) of plaintiff's pending overcharge complaint, directed plaintiff to pay monthly use and occupancy of $1,000, and directed plaintiff to post an undertaking of $12,000, unanimously affirmed, without costs.

Injunctive relief is warranted in view of the documentary evidence showing a likelihood of plaintiff's success on the merits of her claim of rent overcharge based on an illusory tenancy and defendant's failure to give her notice of first fair market rent, and the irreparable harm that would be caused to plaintiff should defendant's nonpayment proceeding in Civil Court be determined before plaintiff's overcharge complaint before DHCR.

The court was within its discretion in removing and consolidating the action with the nonpayment proceeding "in the interest of the proper administration of justice" (Atherton v 21 E. 92nd St. Corp., 149 AD2d 354, 355), and staying the consolidated action pending the DHCR proceeding to prevent the ultimate "forfeiture of the tenants' possessory interest before a ruling is rendered by the administrative agency" (Woltall Apts. v Byrd, NYLJ, Apr. 2, 1993, at 26, col 3 [Civ Ct, NY County]). The court's determination of the amount of use and occupancy properly considered the circumstances of the case and adequately protected defendant's rights. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.