■ 815 PARK AVENUE OWNERS, INC., Respondent, v FIREMAN'S INSURANCE COMPANY OF WASHINGTON, D.C., Appellant. [639 NYS2d 325]

Plaintiff, a cooperative corporation, commenced this action against its insurer by service of a summons with notice dated July 29, 1993. Plaintiff's first cause of action seeks recovery for

property damage to a penthouse apartment unit sustained in December 1986 in the amount of $93,458. Its second cause of action seeks recovery for loss of rent (maintenance charges) in the amount of $393,685.92 which, upon information and belief, is asserted to have been withheld by the proprietary tenant "due to alleged untenantability of his *[sic]* apartment resulting from a covered Cause of Loss."

Defendant's motion for dismissal of the complaint is predicated entirely on the period of limitation set forth in the insurance policy, requiring that suit against the insurer be commenced within two years "after the loss occurs." The moving papers seek dismissal of the complaint "and both causes of action contained therein on the grounds that the Statute of Limitations alleged in the Complaint as to both the first and second cause of action has expired prior to service of the Summons." Defendant concedes, in its reply affidavit, that the property damage to the premises comes within the coverage of the policy. It continues, "There is further no dispute that the policy provided coverage for loss of rents as set forth in plaintiff's second cause of action." At issue, therefore, is the date on which the loss occurred for purposes of initiating the two-year limitation period for commencement of an action against the insurer, as provided in the policy.

Insofar as relevant to this appeal, the amended complaint brought by Roni Bialor, the proprietary lessee of the penthouse apartment, verified September 12, 1989, against the cooperative corporation (*Bialor v 815 Park Owners*, index No. 24246/87 [Sup Ct, NY County]) alleges that the subject unit sustained "extensive water damage to the interior ceiling, walls, floors and windows * * * and the personal property of the Plaintiff due to the influx of water through the roof and walls of The Apartment." Her first cause of action states: "On or about December 11, 1986, Plaintiff was forced by the dangerous condition of The Apartment to vacate same and at great personal expense obtain living quarters elsewhere * * * That by reason of the foregoing, Plaintiff has suffered and continues to suffer the loss of use of The Apartment, her property and possession *[sic]*, and has been forced to incur legal expenses and other disbursements to gain access to and possession of The Apartment and possessions." Her second cause of action seeks recovery pursuant to Real Property Law § 235-b, the implied warranty of habitability. Plaintiff interposed a counterclaim in the action seeking to recover the arrears in maintenance charges.

In opposing defendant's motion for summary judgment,

plaintiff contends that the amount of lost rent cannot be ascertained until the underlying action is resolved and the competing claims for arrearage and abatement (on whatever grounds) are decided. In reply, defendant emphasizes that the complaint in this action seeks recovery of a sum certain, alleging damages of $93,458 to the premises and $393,685.92 in lost rent. Defendant takes the position that, having asserted the right to recover a sum certain (down to the penny), plaintiff should be held to the recitations in its pleadings and should not be heard to argue that the amount is not ascertainable.

Supreme Court sided with plaintiff, noting, "Insurance coverage under the policy has been conceded by defendant's counsel". The court clearly regarded the loss-of-rent clause as an indemnity provision, reasoning that until the extent of the loss is judicially decided, " 'the Period of Limitations cannot have expired. In fact, it has not even started to run' " (quoting plaintiff's opposing affidavit). The court therefore denied the motion to dismiss in its entirety, without ruling on the timeliness of the individual causes of action stated in the complaint.

There can be no dispute that plaintiff's first cause of action arising out of the damage to its property is untimely. The record indicates that the casualty loss occurred in late 1986, and the commencement of this action in July 1993 is not timely even under the six-year Statute of Limitations applicable to contracts (CPLR 213 [2]).

As to loss of rent, it is reasonable to interpret this coverage as an incident of the property damage, that is, as an item of expense ancillary to and resulting from the covered casualty. Construing the policy as a whole, it is therefore appropriate to measure the limitations period from the date of the casualty. The alternative advanced by plaintiff, measuring the period from the date related litigation might be concluded, is proper only where the insurance policy provides coverage against loss or damage for which the insured may be held legally liable (*Sassi v Jersey Trucking Serv.*, 283 App Div 73, 76). There is no dispute that plaintiff's claims are for first-party benefits under the coverage for property damage afforded by section one of the policy, which includes additional coverage for lost rent, and are not asserted under the policy's protection against liability claims provided in section two. Finally, the construction of the limitations period proposed by plaintiff would effectively render the limitation clause nugatory in this case, in contravention of established principles of contract interpretation (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191).

Even assuming that there is some uncertainty as to the date

from which the calculation of the period for commencement of an action against the insurer should be measured, no question remains as to the final date on which plaintiff sustained a covered loss. In this respect, the basis of the recovery sought by plaintiff in the instant action must be distinguished from the basis of the underlying action brought against it by the proprietary tenant. So, too, must the extent of defendant's concession that the subject policy covers "loss of rents as set forth in plaintiff's second cause of action."

In her first cause of action, Ms. Bialor avers that she was forced to "vacate" the apartment and that she continued "to suffer the loss of use of The Apartment" as of September 12, 1989, the date the amended complaint was verified. In addition, she alleges damage to her personal property, for which recovery is not permitted under Real Property Law § 235-b (*Couri v Westchester Country Club*, 186 AD2d 712, 715, *lv dismissed in part and denied in part* 81 NY2d 912; *Halkedis v Two E. End Ave. Apt. Corp.*, 161 AD2d 281, 282, *lv denied* 76 NY2d 711). Thus, the complaint asserts, as a first cause of action, that Ms. Bialor was constructively evicted from the premises. Her second cause of action is expressly predicated on Real Property Law § 235-b and seeks compensatory and punitive damages incident thereto (*see, Minjak Co. v Randolph*, 140 AD2d 245). In marked contrast to the tenant's second cause of action, reciting that damages are sought pursuant to Real Property Law § 235-b, the action brought by plaintiff cooperative corporation seeks recovery solely with respect to loss of rent occasioned by "untenantability" as the result of a covered loss.

The pertinent policy provision applies to "loss of rents caused by perils insured against damaging or destroying, during the policy period, real or personal property" and provides reimbursement for "the actual loss sustained by the insured resulting from necessary untenantability * * * for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein as has been damaged or destroyed, commencing with the date of such damage or destruction and not limited by the date of expiration of this policy". This language limits coverage to rent loss resulting from the period during which the premises cannot be occupied due to a covered casualty and ensuing repairs. It cannot be read as extending coverage to the insured's breach of the statutory warranty of habitability (Real Property Law § 235-b), resulting in an impairment of the value of the premises (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 329, *cert denied* 444 US 992; *Bay Park One Co. v Crosby*, 109

Misc 2d 47 [App Term, 2d Dept]). As would be expected in a casualty policy, the subject provision clearly contemplates only loss of rent resulting from "damage or destruction". Coverage does not extend to the insured's default in the performance of its implicit leasehold obligation, imposed by law, to maintain the premises in habitable condition. Thus, the only part of the recovery sought by the proprietary tenant in the underlying action that arguably comes within the purview of the coverage afforded by the policy is the period of time she was actually out of possession, and that period is limited by the requirement that plaintiff insured exercise due diligence in effecting repairs.

Viewed in this light, it is clear that defendant's concession of coverage extends only to the period of constructive eviction, which is both asserted in the instant action as the basis for plaintiff's recovery of lost rent and covered under the terms of the policy. While the proprietary tenant's complaint does not reflect the dates the apartment was untenantable, plaintiff cooperative corporation's complaint states that the last date rent payment was withheld was March 1, 1991. Therefore, even if this Court were to assume that the proprietary tenant did not resume occupancy of the penthouse apartment until this date and, further, that plaintiff exercised diligence in repairing damage, concededly sustained in late 1986, by this time, the last month in which a covered loss was sustained is March 1991. Commencement of this action in July 1993 is therefore untimely with respect to the rent-loss claim also.

In sum, coverage for loss of rent under the policy is incidental to the casualty sustained and is further limited to the time during which the premises remain untenantable due to the damage and any necessary repairs. Coverage does not extend to rent lost due to the impairment of the value of premises under the statutory warranty of habitability (Real Property Law § 235-b) and, in any event, litigation by the proprietary tenant against plaintiff is immaterial to the accrual of its first-party claim under the insurance policy. In order to bring an action against the insurer, the insured is required to comply with all policy provisions and to commence suit within two years "after the loss occurs." Assuming, without deciding, that the "loss" should be deemed to accrue on the last date on which a covered expense was incurred (and not, as would be expected, on the date of the casualty precipitating the expense), commencement of this action in July 1993 is still untimely. That marginally related landlord-tenant litigation might be ongoing between plaintiff and the proprietary tenant whose premises sustained damage is not grounds to obviate the contractual

limitation period contained in the policy for the commencement of a first-party action against the carrier.

Plaintiff nevertheless argues, in conclusory fashion, that defendant should be estopped to assert the period of limitation in its policy on the ground that Bingham Engler Jones & Houston, the firm defending plaintiff in the Bialor action, is defendant's agent and that counsel made representations which induced plaintiff to refrain from instituting this action at an earlier time. In reply to this allegation, defendant submitted the affidavit of its assistant vice president and claims manager, stating that the law firm was selected to defend the Bialor suit by Atlantic Mutual Insurance Company, one of four companies (including defendant) that agreed to co-insurance with respect to that liability claim. Plaintiff has submitted no evidence of the asserted representations, and the record is devoid of any evidence from which defendant's waiver of the limitations period contained in the insurance policy might be inferred (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968). Finally, plaintiff has failed to demonstrate that certain representations, alleged for the first time on appeal to have been made by employees of defendant, are substantially more than communications or settlement negotiations between the insurer and its insured so as to be considered probative of waiver or estoppel (*supra*). More significantly, it is well settled that the failure to raise an issue on a motion for summary judgment, thus precluding the other party from submitting documentary evidence in opposition, forecloses its consideration for the first time on appeal (*First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447; *Telaro v Telaro*, 25 NY2d 433, 438; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276).

Accordingly, plaintiff has failed to demonstrate that it has complied with the conditions imposed by the policy for bringing suit against defendant insurer or that there is any equitable basis upon which plaintiff should be relieved from the operation of those conditions. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.