■ FRANCES LEVENTRITT, Appellant, v 520 EAST 86TH STREET, INC., Respondent. FRANCES LEVENTRITT, Appellant, v CAROLYN ECKSTEIN et al., Respondents. [698 NYS2d 20] —Order, Supreme Court, New York County (Stephen Crane, J.), entered March 27, 1998, after a nonjury trial, which, *inter alia*, held that defendant 520 East 86th Street did not unreasonably delay its performance of a stipulation dated April 15, 1988, and order and judgment (one paper), same court and Justice, entered on or about December 31, 1997, after a nonjury trial, which, *inter alia*, held that plaintiff's damages on the first cause of action were covered by the April 15, 1988 stipulation, dismissed her second through thirteenth causes of action, and denied plaintiff's application for attorney's fees, unanimously affirmed, without costs.

The trial court properly found that the damages caused by defendant 520 East 86th Street's breach of its warranty of habitability during the period from November 1988 to December 1990 were subsumed within the parties April 15, 1988 stipulation of settlement, which provided that plaintiff would receive a 50% maintenance abatement from May 1988 until all repairs were completed, and a $56,000 property damage award, in exchange for discontinuing her causes of action.

Since plaintiff gained nothing from the present litigation, it cannot be said that the judgment was "substantially favorable" to her (*Walentas v Johnes*, 257 AD2d 352, 354, *lv dismissed* 93 NY2d 958), or that plaintiff won " 'substantial relief' " (*Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345, *lv denied* 92 NY2d 818), so as to warrant an award of attorney's fees in her favor. Nor was plaintiff entitled to compensation for defendant's breach of

the warranty of habitability during a period in which plaintiff did not live in the apartment (*see, Halkedis v Two E. End Ave. Apt. Corp.*, 161 AD2d 281, *lv denied* 76 NY2d 711). The trial court properly held that the amount of plaintiff's damages for defendant's breach of the warranty of habitability pursuant to Real Property Law § 235-b was the difference between the maintenance paid by plaintiff and the rental value of the premises during the period of the breach (*Mastrangelo v Five Riverside Corp.*, 262 AD2d 218).

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.