■ Susan Reinhard, Respondent, v Connaught Tower Corporation, Appellant, et al., Defendant. [51 NYS3d 412]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 1, 2016, which, to the extent appealed from as limited by the briefs, after a nonjury trial, found defendant Connaught Tower Corporation liable and awarded plaintiff certain maintenance payments, interest, and reasonable attorneys' fees, unanimously reversed, on the law and the facts, without costs, the finding of liability and award vacated, the complaint dismissed, and the matter remanded for a hearing and determination as to Connaught's attorneys' fees. Appeal from order, same court and Justice, entered August 3,

2016, which, to the extent appealed from, granted plaintiff's motion for reargument, unanimously dismissed, without costs, as academic.

The finding of liability against Connaught, the owner of a cooperative building in which plaintiff purchased shares, was not based on a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). The evidence failed to show that the odor of cigarettes rendered plaintiff's apartment uninhabitable, breached the proprietary lease, or caused plaintiff to be constructively evicted. In particular, plaintiff's evidence failed to show that the odor was present on a consistent basis and that it was sufficiently pervasive as to materially affect the health and safety of occupants (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 327-328 [1979], *cert denied* 444 US 992 [1979]). Plaintiff's witnesses testified that they smelled smoke in the apartment on a handful of occasions over the years, and the source of the smoke was never identified. Moreover, plaintiff lived in Connecticut, near her workplace, and only intended to stay in the apartment occasionally (*see Leventritt v 520 E. 86th St.*, 266 AD2d 45, 45-46 [1st Dept 1999], *lv denied* 94 NY2d 760 [2000]; *Halkedis v Two E. End Ave. Apt. Corp.*, 161 AD2d 281, 282 [1st Dept 1990], *lv denied* 76 NY2d 711 [1990]).

Plaintiff correctly conceded at oral argument that her claim of constructive eviction is time-barred (*see Kent v 534 E. 11th St.*, 80 AD3d 106, 111-112 [1st Dept 2010]).

Connaught is entitled to attorneys' fees pursuant to CPLR 3220. Accordingly, we remand for a hearing and determination as to those fees. Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.