Fiondella v 345 W. 70th Tenants Corp. (2023 NY Slip Op 03194)

Fiondella v 345 W. 70th Tenants Corp.

2023 NY Slip Op 03194

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 152957/21 Appeal No. 447 Case No. 2021-03253 

[*1]Paul Fiondella, Plaintiff-Appellant,
v
345 West 70th Tenants Corp., Defendant-Respondent.

Charla R. Bikman, East Hampton, for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered August 2, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's claims for retaliation under Real Property Law § 223-b, breach of the warranty of habitability, and attorneys' fees, unanimously modified, on the law, to deny the motion to dismiss the claim for breach of the warranty of habitability for the period that plaintiff occupied the apartment after the execution of the parties' January 2020 so-ordered stipulation, and the claim for attorneys' fees, and otherwise affirmed, without costs.
The motion court properly dismissed plaintiff's claim for retaliatory eviction under Real Property Law § 223-b. Documentary evidence conclusively demonstrates that defendant's notice to cure was a response to plaintiff's own complaints, authorizing him to perform repairs that he had himself requested. Thus, no steps were taken to evict plaintiff, and defendant's actions "had a sound legal foundation" (Walentas v Johnes , 257 AD2d 352, 354 [1st Dept 1999], lv dismissed 93 NY2d 958 [1999]). Although plaintiff argues for the first time on appeal that the January 2020 so-ordered stipulation was the basis for his retaliation claim, plaintiff fails to allege facts that would warrant setting aside the stipulation (see e.g. Citibank v Rathjen , 202 AD2d 235, 235 [1st Dept 1994], lv dismissed 84 NY2d 850 [1994]).
We modify, however, to reinstate the portion of plaintiff's claim for breach of the warranty of habitability solely for the period following the execution of the January 2020 so-ordered stipulation during which plaintiff lived in the apartment while the alleged structural defects in the apartment persisted and defendant allegedly failed to remedy them. The class B violation issued by the New York City Department of Housing Preservation and Development is prima facie evidence that the conditions set forth in the violation constitute a hazard to life, health, or safety (see e.g. Park W. Mgt. Corp. v Mitchell , 47 NY2d 316, 327 [1979], cert denied 444 US 992 [1979]). Although defendant maintains that parties may settle claims for breach of the warranty of habitability prospectively, the January 2020 settlement stipulation does not conclusively show that the parties prospectively settled that claim (cf. Leventritt v 520 E. 86th St. , 266 AD2d 45 [1st Dept 1999], lv denied 94 NY2d 760 [2000]). Because plaintiff's claim for attorneys' fees under the proprietary lease, as applied reciprocally under Real Property Law § 234, was dismissed based on the lack of a predicate cause of action after the
dismissal of plaintiff's substantive claims, we also find that plaintiff's request for attorneys' fees should be reinstated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023