■ STEVEN M. ELKMAN et al., Appellants, v SOUTHGATE OWNERS CORP., Respondent. [649 NYS2d 138] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 10, 1995,

which, *inter alia*, granted defendant's motion to dismiss the second through sixth causes of action for failure to state a cause of action, denied plaintiffs' cross motion for partial summary judgment on the first cause of action, limited plaintiffs' damage claims on the first cause of action to the last rental value of the apartment, denied plaintiffs leave to amend the bill of particulars, and dismissed the damage claim for pain and suffering, unanimously affirmed, without costs.

The IAS Court properly denied partial summary judgment on the first cause of action alleging breach of the implied warranty of habitability (Real Property Law § 235-b) in connection with an alleged noxious odor condition emanating from a retail fish store in an adjacent building neither owned nor controlled by defendant cooperative apartment corporation. Not only was discovery incomplete (CPLR 3212 [f]), but material issues of fact exist, including whether any portion of the apartment was affected and whether the condition was detrimental to life, health or safety within the meaning of the statute.

The court properly dismissed the second cause of action for breach of fiduciary duty as the court will not substitute its judgment for that of the board of directors and no allegations of fraud, bad faith, self-dealing or misconduct were alleged (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530). The court also properly dismissed the remaining causes of action. The third cause of action for partial constructive eviction was duplicative of the first cause of action and, moreover, may only be asserted defensively (*see, Minjak Co. v Randolph*, 140 AD2d 245). The fourth, fifth and sixth causes of action are properly construed as claiming breach of express covenants of the proprietary leases, but fail to adequately identify the covenants allegedly breached.

The measure of damages for breach of the warranty of habitability is limited to the difference between the rent reserved in the lease and the fair market rental value during the period of the breach (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 329, *cert denied* 444 US 992). Here, the rent reserved is the maintenance paid. Loss or diminution in value of personal property as well as personal injuries and pain and suffering are not recoverable under Real Property Law § 235-b (*Couri v Westchester Country Club*, 186 AD2d 712, *lv dismissed in part and denied in part* 81 NY2d 912).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.