■ In the Matter of HOWARD W. CHAN (Admitted as HOWARD W. H. CHAN), a Suspended Attorney. [— NYS2d —] —Application for reinstatement granted, and petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective immediately. No opinion. Concur—Sullivan, J. P., Mazzarelli, Wallach, Andrias and Buckley, JJ.

(June 24, 1999)

■ MICHAEL F. MASTRANGELO, Appellant-Respondent, v FIVE RIVERSIDE CORPORATION, Respondent-Appellant. [692 NYS2d 350] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 13, 1998, in favor of plaintiff tenant/shareholder and against defendant cooperative housing corporation in the total amount of $32,224.85, unanimously affirmed, without costs.

The trial court correctly calculated the amount of plaintiff's damages for defendant's breach of the warranty of habitability (Real Property Law § 235-b) as the difference between the maintenance paid by plaintiff and the rental value of the premises during the period of the breach (*Elkman v Southgate Owners Corp.,* 233 AD2d 104; *cf., Young v GSL Enters.,* 237 AD2d 119). Loss or diminution in value of personal property, such as in the value of a tenant/shareholder's shares, is not recoverable (*see, Elkman v Southgate Owners Corp., supra*). While plaintiff's evidence of maintenance paid during the period of the breach was minimal, it was legally sufficient, and was properly credited in the absence of any countervailing evidence from defendant, who was in control of the relevant records. Similarly, plaintiff's proof of the duration and severity of the breach raised issues of credibility that were properly resolved by the trial court (*see, Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329-330, *cert denied* 444 US 992). Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.