OPINION OF THE COURT
Memorandum.
We deem the appeal from the orders to be from the final judgment entered June 6, 2000 (see, CPLR 5520 [c]). The right of direct appeal from the orders terminated with the entry of the judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from said orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).
In this nonpayment proceeding, tenant asserted breach of the warranty of habitability as an affirmative defense. The parties thereafter entered into a “stipulation in settlement of issues” providing in pertinent part that , the landlord “inspect and repair and replace as required by law: a) paint apt * * * (b) leak in bedroom ceiling (c) leak in living room wall * * * (f) polyurethane living room and dining room floors.” Real Property Law § 235-b (2) provides that “[a]ny agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in this section shall be void as contrary to public policy.” The entry into the court ordered stipulation of settlement, however, operated as an accord and satisfaction, precluding tenant from recovery of damages pertaining to any breach of the warranty of habitability occurring prior to the execution of the settlement agreement (see, Couri v Westchester Country Club, 186 AD2d 712, 714-715). Accordingly, tenant’s claim for money damages in the sum of $450, representing the alleged cost of moving the furniture in his apartment to enable landlord’s performance of repairs under the stipulation, and other relief, to the extent that it relies on an alleged breach of warranty preceding the date of the settlement agreement, is meritless. Denial of tenant’s claim for money damages was proper for the additional reason that consequential damages are not recoverable for the breach of the warranty of habitability (Bay Park One Co. v Crosby, 109 Misc 2d 47; cf., Couri v *71 Westchester Country Club, supra, at 715 [damage to personal property is not recoverable under Real Property Law § 235-b]; see also, Mastrangelo v Five Riverside Corp., 262 AD2d 218; Elkman v Southgate Owners Corp., 233 AD2d 104).
The court, moreover, cannot be said to have improvidently exercised its discretion, under the circumstances presented, in denying tenant’s request that landlord move the furniture, which in effect would impose upon the landlord the obligation and/or costs of moving the furniture, as part of its duties to do the repairs. Nor could the court read into the stipulation obligations that are not provided for therein. With regard to tenant’s contention that landlord had moved the furniture in the past, and was therefore presently responsible for moving it to make the necessary repairs, the court properly concluded on the motion papers that this was an accommodation that did not create a duty on the part of the landlord to continue to assume such obligation thereafter.
The tenant’s remaining contentions are unpreserved for appellate review or without merit.
Patterson, J. P., Golia and Rios, JJ., concur.
[Decision amended to correct caption by order of the Appellate Term, Second Department, dated December 26, 2001.]