■ ERIKA WIESEL, Appellant, v 310 EAST 46 LLC, Respondent. [880 NYS2d 10]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about July 11, 2007, which granted defendant's motion to dismiss the complaint on the ground of untimeliness, unanimously modified, on the law, to reinstate the cause of action for breach of the warranty of habitability for the period January 31, 2001 to December 2001, and otherwise affirmed, without costs.

The court correctly dismissed as untimely the first three causes of action seeking damages based on a hazardous condition in plaintiff's apartment (see CPLR 214-c [2]) and correctly declined to apply the extraordinary remedy of equitable estoppel to prevent defendant from asserting the statute of limitations defense. Plaintiff contends that she delayed commencing this lawsuit in reliance on a stipulation of settlement in a housing court proceeding in which defendant promised, but then failed, to cure the mold condition in her apartment, as well as on other actions she claims defendant took to "derail [her] ability to exercise her rights." However, none of these alleged actions constituted affirmative wrongdoing, fraud or intentional misconduct that could reasonably have induced plaintiff to refrain from filing suit before the expiration of the statutory period (see Walker v New York City Health & Hosps. Corp., 36 AD3d 509 [2007]). There is no evidence that defendant's promise to inspect and repair the mold problem was contingent upon plaintiff's forgoing legal action as to injuries she had already suffered, and under the stipulation of settlement plaintiff expressly reserved the right to assert the tort-based causes of action that became the substance of the instant action.

The court erred in dismissing plaintiff's timely claim for breach of the warranty of habitability for failure to sufficiently allege economic loss. Plaintiff sought a rent abatement in connection with this cause of action and triable issues of fact exist whether the warranty of habitability was breached as a result of the mold problem in her apartment. However, since, in the prior housing court stipulation of settlement, dated January 31, 2001, plaintiff settled any claim for a rent abatement based on the uninhabitability of her apartment through that date, she may assert this claim only with respect to the period between the date of the stipulation and the end of her tenancy in December 2001.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ. [See 2007 NY Slip Op 32081(U).]