■ MARILENA KATOPODIS et al., Respondents-Appellants, v MARVIN WINDOWS AND DOORS, Appellant-Respondent, et al., Defendants. [964 NYS2d 123]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 22, 2012, which denied defendant Marvin Windows and Door's motion for summary judgment dismissing the first cause of action as time-barred, and denied plaintiffs' cross motion for partial summary judgment on their first cause of action, unanimously modified, on the law, to grant defendant's motion, and otherwise affirmed, without costs.

Defendant's motion for summary judgment dismissing the first cause of action alleging breach of express warranty should have been granted. Defendant argues that the four year statute of limitations runs from the date the windows and doors were delivered in December 2004 or January 2005, which means the action was time-barred when it was filed in June 2010 (UCC 2-725 [2]; *see Richard A. Rosenblatt & Co. v Davidge Data Sys. Corp.*, 295 AD2d 168, 168-169 [1st Dept 2002]). Even if the statute of limitations ran from when the defect was discovered in June 2005, plaintiffs' claim would have expired no later than June 2009, a year before the commencement of this action (*see* UCC 2-725 [2]).

There was no basis for the court to extend the statute of limitations based on a September 9, 2009 letter sent by defendant, which offered to provide certain replacement parts pursuant to the terms of the express limited warranty. First, the statute of limitations already had expired at the time the letter was sent. In any event, nothing in the September 9, 2009 letter could be construed as intending, by fraud, misrepresentation or deception, to induce plaintiffs to refrain from timely commencing an action (*see Wiesel v 310 E. 46 LLC*, 62 AD3d 516 [1st Dept 2009]). Thus, the statute of limitations cannot be extended based on an estoppel theory.

Although initially it may seem somewhat unfair for defendant to have given plaintiffs a 10-year warranty and then argue that plaintiffs cannot sue for breach of warranty at any time during that 10-year period, the case law is clear on when this cause of action accrues (*see Heller v U.S. Suzuki Motor Corp.*, 64 NY2d 407, 410 [1985]). Moreover, even if we were to give plaintiffs a longer period than defendant wants, and determine that the statute of limitations runs from the date the defect was discovered, plaintiffs here still waited too long. In fact, at oral argument, plaintiffs could not explain why they waited several years before commencing this litigation.

Furthermore, plaintiffs do not argue, and therefore we need not reach, whether defendant violated any duty to repair the damaged items. Plaintiffs solely contend that this is a breach of warranty case.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.