Wallace Holdings, LLC v Brown (2024 NY Slip Op 51114(U))

[*1]

Wallace Holdings, LLC v Brown

2024 NY Slip Op 51114(U)

Decided on August 28, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 28, 2024
Civil Court of the City of New York, Bronx County

Wallace Holdings, LLC, Petitioner,

against
Rodney Brown, Respondent.

Index No. 314860/2023

Gelfand Law Firm, LLP 
Attorneys for Petitioner 
140 Washington Avenue
Unit A
Cedarhurst, New York 11516 
Legal Services NYC - Bronx
Attorneys for Respondents 
369 E. 148th Street, 2nd FL. 
Bronx, NY 10455
Attn: Rachel Brown, Esq.

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Order to Show Cause [NYSCEF Doc. No. 13] 1
Affirmation and Affidavit in Support [NYSCEF Doc. Nos. 14-15] 2
Exhibits in Support of Motion [NYSCEF Doc. No. 16-23] 3
After oral argument on July 23, 2024, and upon the foregoing cited papers, the decision and order on this motion is as follows:
BACKGROUND AND PROCEDURAL POSTURE
These are the relevant facts to the instant motion: this is a summary proceeding seeking possession for the non-payment of rent. Both parties are represented. On July 24, 2023,the case settled with respondent agreeing to pay arrears by a date certain and the petitioner agreeing to complete "alleged" repairs. (see NYSCEF Doc. 6, the "July stipulation"). The July stipulation did not include a final judgment and respondent "reserves all warranty of habitability claims and defenses." (see id). In January 2024, petitioner restored the case, and the parties entered a new stipulation (see NYSCEF Doc. 17, the "January stipulation"). The January stipulation includes a final judgment and alleged repairs, which were to be completed on or about February 18, 2024. There is no reservation of warranty of habitability claims and defenses in the January stipulation.
Respondent now moves for an order setting the matter down for an abatement hearing and for entry of an order to correct. Alternatively, respondent seeks a stay on the execution of a warrant of eviction.
Respondent points out that alleged repairs and access dates are included in both stipulations. (see Brown affidavit at NYSCEF Doc. 10). He alleges that no repairs were done on the stipulated access dates, that NYCHA inspected the unit in April 2024 and found numerous conditions in need of correction, that after those conditions were addressed in May 2024, ceilings in the living room and bathroom collapsed in early June 2024 (id).[FN1]
Respondent's counsel notes that DHPD issued fourteen (14) violations for conditions in the apartment on or about July 3, 2024. (see affirmation at NYSCEF Doc. 11).
Petitioner does not quarrel with the factual allegations, nor could it, as no affidavit from someone with personal knowledge was offered. Its appearing counsel did not purport to have personal knowledge of the facts. (see generally Arriaga v Michal Laub Co., 233 AD2d 244, 244 [1st Dept. 1996] (attorney affirmation not made on personal knowledge does not properly challenge affidavit made on personal knowledge)).
Rather, petitioner opposes the abatement request with a legal argument. Petitioner points out that the July stipulation reserved for respondent "all warranty of habitability claims and defenses" but the later January stipulation contains no such reservation. Petitioner contends that the settlement without reservation essentially waives the right to seek an abatement through the stipulation date. It further argues that petitioner has not sought post stipulation rent and has not even served a marshal's notice. As such, there are no grounds for the court to reach the issue of whether respondent is entitled to an abatement for rent accruing after the stipulation.[FN2]

The court, at its discretion, will consider the oral opposition in deciding the motion. (see Messam v Omeally, 52 Misc 3d 144(A), 1 [App Term, 2nd Dept. 2016] (court "may simply consider the oral arguments put forth" as that party's opposition), citing 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2nd Dept. 2014]).

 DISCUSSION
In the seminal Hallock v State, the Court of Appeals instructs us that stipulations are contracts and must be treated as such. (see 64 NY2d 224, 230 [1984]; see also Matter of Banos v Rhea, 25 NY3d 266, 276 [2015] ("In general, a stipulation is a contract between the parties and must be construed according to their plain language."). Stipulations in summary proceedings are similarly treated. (see PK Management, LLC v Baumann, 61 Misc 3d 129(A), 1-2 [App Term, 2nd Dept., 9th & 10th Jud. Dists. [2018] (non-payment stipulation "construed under settled contract principles"), citing Hotel Cameron v Purcell, 35 AD3d 153, 155 [1st Dept. 2006] (In nuisance holdover case, "[st]ipulations of settlement are essentially contracts and subject to principles of contract construction.")).
Contracts, of course, must be enforced according to their terms. (see Consedine v Portville Central School Dist., 12 NY3d 286, 293 [2009], citing Vermont Teddy Bear Co. v 538 [*2]Madison Realty Co., 1 NY3d 470, 475 [2004] (quotations omitted)). Critically, courts must not "add or excise terms...under the guise of interpreting the writing." (Vermont Teddy Bear Co., 1 NY3d at 475, quoting Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]; 1029 Sixth, LLC v Riniv Corp., 9 AD3d 142, 146 [1st Dept. 2004]). To that end, "courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include." (Vermont Teddy Bear Co., 1 NY3d at 475, quoting Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 72 [1978]).
Consequently, the best way to determine intent in contracts is to look at what is actually written. (see Rodolitz v Neptune Paper Prods., 22 NY2d 383, 387 [1968]; Ashwood Capital, Inc v OTG Management, Inc., 99 AD3d 1, 7 [1st Dept. 2012]; Willsey v Gjuraj, 65 AD3d 1228, 1230 [2nd Dept. 2009]).
Here, the July 2023 stipulation reserved warranty of habitability claims and defenses, but the January 2024 stipulation did not. While the warranty of habitability cannot be waived, (see 57 Elmhurst LLC v Williams, 65 Misc 3d 1221(A), 3 [Civ Ct, Queens County 2019], citing RPL § 235-b and Bldg Mtg. Co. Inc. v Halabi, 44 Misc 3d 134(A) [App Term, 1st Dept. 2014])), damages for violating the warranty of habitability (abatements) are a different matter. Abatements are routinely waived. (see Chillo v Lopez, 82 Misc 3d 1219(A), 2 [Civ Ct, Kings County 2024] ("Typical stipulations executed by pro se tenants in housing court will inevitably waive some defenses in exchange for some benefit. The most common example of this is where a tenant waives an abatement claim in exchange for time to pay outstanding arrears."); see also Harmir Realty Co. v Tesa, 2003 NY Slip Op 50015(U) [App Term, 1st Dept. 2003] (without express reservation, derivative issue deemed waived and subsumed in negotiated settlement)).[FN3]

Respondent cannot be allowed to resurrect a settled claim because he happens to be in a stronger position now. Obviously, that would disincentivize settlements in the first place. (see 400 West 59th Street Partners, LLC v Edwards, 28 Misc 3d 93, 95 [App Term, 1st Dept. 2010] (stipulations are highly favored) [emphasis added]; see also Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [1st Dept. 2006] ("stipulations of settlement serve the interest of efficient dispute resolution, and is essential to the management of court calendars and the integrity of the litigation process")).
In 303 Beverly Group LLC v Alster, the court held that a stipulation operates as an "accord and satisfaction, precluding tenant from recovery of damages pertaining to any breach of the warranty of habitability occurring prior to the execution of the settlement agreement." This, the court concluded, does not run afoul of RPL § 235-b. (see 190 Misc 2d 69, 70 [App Term, 2nd Dept. 2001]).
Consequently, if respondent wanted to reserve a right to seek an abatement, the January stipulation could, and should, have stated what its predecessor did. (see e.g. Fifty CPW Tenants Corp v Epstein, 16 AD3d 292, 294 [1st Dept. 2005] (party cannot escape the effect of its agreement to a stipulation); see also 2632 Realty Dev. Corp v 299 Main St., LLC, 94 AD3d 743, 745 [2nd Dept. 2012] ("A court should not imply a term which the parties themselves failed to [*3]include .")
Respondent may still obtain an abatement for post stipulation rent or use and occupancy. (see Fifty CPW Tenants Corp v Epstein, 16 AD3d at 294; see also Wiesel v 310 East 46 LLC, 62 AD3d 516, 517 [1st Dept. 2009]). Here, however, petitioner does not seek any post stipulation rent, has not sought to amend its petition to date, and has not served a marshal's notice. Consequently, there is no pending claim to counter.[FN4]

Respondent posits that such an outcome gives petitioner the proverbial "pass" on having to complete repairs. This is incorrect. In addition to being able to seek an abatement for any rent coming due since the January stipulation, and respondent may seek relief under an order to correct.[FN5]

 CONCLUSION
Based on the foregoing, respondent's motion is granted in part and denied in part. The application for the court to hold an abatement hearing is denied. A stay on the execution of the warrant of eviction is denied as no warrant of eviction has issued and there was no allegation a notice of eviction was served. The application for entry of an order to correct is granted.
This constitutes the Decision and Order of the court. It will be posted on NYSCEF.
Dated: August 28, 2024
Bronx, New York
SO ORDERED,
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:Respondent also alleges common area conditions.

Footnote 2:Petitioner does not oppose the court issuing an order to correct violations noted by DHPD. As such, the court need not reach the issue of whether a party can seek an order to correct by direct motion, rather than by moving first to add a counterclaim for same.

Footnote 3:but see Grand Concourse Estates LLC v Ture, 54 Misc 3d 143(A) [App Term, 1st Dept. 2017]) ("In the absence of an express intention to settle the counterclaim or all claims between the parties, the stipulation fails to resolve the factual issues as a matter of law.") [emphasis added and citations omitted]).

Footnote 4:Due to this outcome, the court will not discuss what kind of abatement would be appropriate, but notes that respondent apparently pays just a small portion of the rent [as a NYCHA Section-8 voucher holder]. (see Committed Community Assoc v Croswell, 250 AD2d 845, 846 [2nd Dept. 1998] (abatements calculated based on full contract rent); see also Elnazer v Lopez, 26 Misc 3d 126(A), 1 [App Term, 2nd Dept. 2009] (defendant was not entitled to recover damages for breach of the warranty of habitability since her rent was paid by a third party)). It does appear that $250 of the $13,305.00 final judgment was unpaid. 

Footnote 5:The application seeking an order to correct is not opposed. It will be issued in a separate order.